**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4066

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISHMAIL BAH, a/k/a Idrisss Gabiss Mansaray,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. James R. Spencer, Senior
District Judge. (3:13-cr-00153-JRS-1)

Submitted: September 15, 2014      Decided: October 28, 2014

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Elizabeth W. Hanes, Assistant Federal Public Defenders,
Richmond, Virginia, for Appellant. Dana J. Boente, United
States Attorney, Michael C. Moore, Assistant United States
Attorney, Ann M. Reardon, Special Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishmail Bah pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344 (2012), as charged in Count One of a six-count indictment. The district court sentenced him to eighteen months' imprisonment. Bah appeals, challenging the validity of his guilty plea. For the reasons that follow, we affirm the criminal judgment.

Bah's sole claim on appeal is that his guilty plea was not knowing and voluntary because the district court failed to explain the nature of the bank fraud offense to which he pled guilty, as required by Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure. Because he did not move in the district court to withdraw his guilty plea, we review Bah's claim for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Bah] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). "In the Rule 11 context, this means that [Bah] must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks and citation omitted). Even if Bah satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless

2

the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Muhammad, 478 F.3d at 249 (internal quotation marks and citation omitted).

"In explaining the nature of the charges to the defendant . . . the trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding." United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991) (citation omitted). Moreover, "[a]lthough the defendant must receive notice of the true nature of the charge, . . . [he] need not receive this information at the plea hearing itself . . . [and may base the plea on] information received on occasions before the plea hearing." Id. (internal quotation marks and citations omitted).

Here, Bah pled guilty to bank fraud in violation of 18 U.S.C. § 1344, which prohibits the knowing execution or attempt to execute a scheme or artifice:

> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344. A defendant violates § 1344(1) if he "(1) . . . knowingly execute[s] or attempt[s] a scheme or artifice to defraud a financial institution, (2) he [does] so with intent to defraud, and (3) the institution [is] a federally insured or

3

chartered bank." United States v. Adepoju, 756 F.3d 250, 255 (4th Cir. 2014). A defendant who knowingly executes or attempts a scheme or artifice "'to obtain any of the moneys . . . or other property owned by, or under the custody or control of, a [federally insured or chartered] financial institution,'" and does so "'by means of false or fraudulent pretenses, representations or promises,'" violates § 1344(2). Loughrin v. United States, 134 S. Ct. 2384, 2389 (2014) (quoting § 1344). "The major difference between the subsections is that § 1344(1) focuses on how the defendant's conduct affects a bank, while § 1344(2) focuses solely on the conduct." Adepoju, 756 F.3d at 255. Unlike § 1344(1), intent to defraud a bank is not an element of a § 1344(2) offense. Loughrin, 134 S. Ct. at 2389-90.

> Count One of the indictment, in charging that Bah:

> did knowingly, unlawfully, and with intent to defraud, execute and attempt to execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of financial institutions (as that term is defined in Title 18, United States Code, Section 20) by means of materially false and fraudulent pretenses and promises[,]

set forth the elements of both § 1344(1) and § 1344(2). Bah acknowledged at the Rule 11 hearing that he received a copy of the indictment, discussed the charges with his attorney, and understood the charges against him. Furthermore, although the plea agreement does not include a description of the nature of

4

the charges or the elements of the offense, the Statement of Facts, referenced in the plea agreement, stipulated that the allegations in Count One of the indictment were true. During the Rule 11 hearing, the court asked, "Do you mean by placing your signature on the Statement of Facts not only that you have read it and understood it, but also, that to the best of your knowledge, the information contained in the Statement of Facts is true and accurate; is that correct?" Bah answered, "Yes." We conclude that, through the colloquy at the Rule 11 hearing, the district court ensured that Bah was informed of the nature of the charges prior to the plea hearing and, in doing so, satisfied the requirements of Rule 11(b)(1)(G). Cf. United States v. Wilson, 81 F.3d 1300, 1307-08 (4th Cir. 1996) (finding no error where district court failed to inform defendant of the elements of the offense, leaving decision to recite elements of the offense to district court's discretion).

In any event, any omission did not affect Bah's substantial rights. Bah argues that intent to defraud a bank is an element of the offense under both § 1344(1) and (2). Had he understood the nature of the bank fraud offense or its elements, Bah continues, "he likely would not have entered a guilty plea and would have gone to trial instead, given the great difficulties the government faces in proving elements such as intent and knowledge."

5

When Bah filed his brief in May 2014, he did not have the benefit of the Supreme Court's decision in Loughrin, where the Court specifically held that intent to defraud a bank is not an element of § 1344(2). His argument does not hold up after Loughrin, because the broadly worded indictment reflected an intent to prosecute under either § 1344(1) or § 1344(2). Even if Bah had been charged exclusively with violating § 1344(1), he had notice of the nature of the offense because Count One of the indictment, which he acknowledged under oath he discussed with counsel and understood, charged that Bah engaged in conduct with "intent to defraud." He also stipulated in the Statement of Facts that, "with intent to defraud . . .[he] executed a scheme and artifice to defraud a financial institution."

Finally, we note that, in exchange for his guilty plea on Count One, the charges on five other counts were dismissed and Bah received a two-level reduction in his offense level for acceptance of responsibility, thereby reducing his Guidelines range. In light of the significant benefit Bah gained by pleading guilty to a single count in the six-count indictment, we conclude that there is not a reasonable probability that, if the court had more explicitly advised him about the nature of the charge, he would have not have pleaded guilty. Massenburg, 564 F.3d at 343.

6

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED